The Honorable Jack Critcher State Senator P.O. Box 79 Grubbs, Arkansas 72431-0079
Dear Senator Critcher:
I am writing in response to your request for an opinion on the authority of the Arkansas Game and Fish Commission to enter into an agreement with the Arkansas Wildlife Federation under which the Game and Fish Commission bestows a $25,000 education grant to the Federation. You have enclosed the agreement and note that the period of performance is from May 1, 2001 to May 1, 2002. Your question is whether the Arkansas Game and Fish Commission had the authority to enter into such an agreement.
RESPONSE
It is my opinion that the answer to your question is "yes."
Paragraph I of the Agreement provides as follows:
 Object: The objectives of this educational grant are: The Recipient is dedicated to working exclusively on wildlife and natural resource conservation measures in Arkansas. The mission of the Commission is to wisely manage all the fish and wildlife resources of the State of Arkansas while providing maximum enjoyment for the people. The Recipient seeks to apply the requested funds to further educational efforts among adults and children regarding fish and wildlife conservation issues in Arkansas. The funds will be applied to (1) co-sponsor a statewide wildlife art contest; (2) co-sponsor awards to recognize wildlife conservation/education achievements; (3) publish a minimum of twelve (12) articles that deal with the Commission's work on fish and wildlife conservation in the Arkansas Fish Wildlife publication produced by the Recipient; and (4) perform other conservation education work as described in the attached letter dated April 25, 2001 from the Recipient to the Commission (Attachment" A"). [1]
The current Arkansas Game and Fish Commission was created and is governed by the provisions of Amendment 35 to the Arkansas Constitution. Section 1 of that Amendment provides in pertinent part:
 The control, management, restoration, conservation and regulation of birds, fish, game and wildlife resources of the State, including hatcheries, sanctuaries, refuges, reservations and all property now owned, or used for said purposes and the acquisition and establishment of same, the administration of the laws now and/or hereafter pertaining thereto, shall be vested in a Commission to be known as the Arkansas State Game and Fish Commission. . . .
As noted by the Arkansas Supreme Court in the case of Chaffin v. ArkansasGame Fish Comm'n, 296 Ark. 431, 757 S.W.2d 950 (1988), a line of cases recognizes that Amendment 35 created the Game and Fish Commission as an independent constitutional agency with broad discretion in carrying out its power to control, manage, restore, conserve, and regulate the birds, fish, game and wildlife resources of the state. Chaffin,296 Ark. at 436, citing Arkansas State Game Fish Comm'n v. Stanley,260 Ark. 176, 538 S.W.2d 533 (1976),Farris v. Arkansas State Game Fish Comm'n, 228 Ark. 776,785, 310 S.W.2d 231 (1958) and W.R. Wrape Stave Co.v. Arkansas State Game and Fish Comm., 215 Ark. 229, 219 S.W.2d 948
(1949).
As stated in W.R. Wrape Stave Co. v. Ark. Game Fish Comm., supra:
 The Game and Fish Commission is given a very broad discretion in determining how wild life shall be conserved not only may it acquire, by condemnation or otherwise, the property actually needed, but it may also procure any that may be "useful or convenient . . . in the exercise of any of its duties"; and, while in matters of mere convenience the power would not be unlimited, yet the italicized words serve to emphasize a plan by those who framed the Amendment — a bilateral purpose to conserve wild life, and to place that duty with the Commission. Although appropriations must come from the General Assembly, money received from sources mentioned in the Amendment is not available — even with legislative approval — for any uses other than those expressed or necessarily implied; and the Commission determines what property is needed.
Id. at 233-234 (emphasis original).
According to my information the recipient of the grant, the Arkansas Wildlife Federation, is a private nonprofit § 501(c)(3) organization.See www.arkansaswildlifefederation.org. The Federation's website states that it "was founded by a group of sportsmen in 1936 to represent citizens who cared about the wildlife, waters, and wild lands of Arkansas. The Federation's goal was to become a leader in educating people about conservation issues and in encouraging the wise stewardship of our natural resources. The Arkansas Wildlife Federation seeks to represent a wide variety of Arkansas' outdoor enthusiasts; hunters, anglers, sportsmen, hikers, campers and anyone who appreciates Arkansas' natural resources." Other features on the Federation's website indicate that it conducts an annual achievement awards program and "often holds wildlife art contests featuring Arkansas wildlife artists." Seewww.arkansaswildlifefederation.org "Education Projects." Also mentioned is the Federation's "best conservation education tool," the publicationArkansas Fish Wildlife, which is described as being published six times a year with an estimated readership of 12,000 per issue. Id.
Your question is whether the Arkansas Game and Fish Commission had authority to enter into this agreement. As noted above, in my opinion the answer to your question is "yes." The Commission is invested with broad powers to, among other things, conserve wildlife in the state. I cannot state that the education grant detailed in the agreement is outside this power.
To the extent that your question inquires as to the general authority of a state entity to grant money to a private nonprofit organization, I have enclosed a copy of Op. Att'y. Gen. 96-320 for your review. My predecessor concluded in that Opinion, and I agree, that there is no general prohibition against a state entity sending money to or funding a nonprofit organization, whether by contract or grant, as long as: 1) a valid appropriation exists to support the transaction, 2) it serves a public purpose, and 3) it does not transgress any existing statute or constitutional prohibition.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
Enclosure
[1] I have not been provided with Attachment "A."